United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 03, 2026

Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 26-90386** |
| **TM36, LLC,** *et al.*, | § | |
| | § | **CHAPTER 11** |
| Debtors. | § | |
| | § | |
| **STOPLOSS SPECIALISTS, LLC,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 26-3072** |
| | § | |
| **INSURED ADVOCACY GROUP, LLC,** *et al.*, | § | |
| | § | |
| Defendants. | | |

### MEMORANDUM OPINION & ORDER DENYING DEFENDANTS' MOTIONS TO (I) COMPEL ARBITRATION (ECF NO. 25) AND (II) STAY DISCOVERY PENDING APPEAL (ECF NO. 45) [1]

Defendants, Insured Advocacy Group, LLC ("IAG I") and Insured Advocacy Group II, LLC ("IAG II," and collectively "IAG") move to compel arbitration of all causes of action asserted in this adversary proceeding by Plaintiffs, StopLoss Specialists, LLC ("Specialists") and StopLoss, LLC (collectively, "StopLoss").[2] IAG also moves to stay discovery pending its appeal of the Court's prior order denying a stay of discovery pending resolution of its motion to compel arbitration.[3] For

---

[1] This Memorandum Opinion constitutes the Court's findings of facts and conclusions of law under Federal Rule of Bankruptcy Procedure 7052.

[2] ECF No. 25.

[3] ECF No. 45.

the reasons explained below, IAG's motion to compel arbitration is denied.  IAG's motion to stay discovery pending appeal is denied as moot.

## BACKGROUND[4]

This suit was first commenced in August 2025, when StopLoss sued IAG in the United States District Court for the Southern District of New York.[5]  The parties were represented by the same counsel, and the complaint filed in that action was nearly identical to the complaint filed in this case.[6]  IAG moved to dismiss that case for lack of subject matter jurisdiction,[7] but withdrew its motion and filed a motion to compel arbitration.[8]  Nothing material occurred in that litigation besides minimal motion practice and jurisdictional discovery, and StopLoss voluntarily dismissed the case in March 2026.[9]  In a letter to the presiding judge in New York, the parties stated that that they "further consent to the entry of final orders or judgment by the United States Bankruptcy Court for the Southern District of Texas, including as to whether this dispute is subject to a binding arbitration agreement, as raised in Defendants' motion filed on October 10, 2025."[10]

On March 12, 2026, StopLoss commenced this adversary proceeding.[11]  On April 7, 2026, IAG filed a motion to dismiss with prejudice for failure to state a claim upon which relief can be granted.[12]

---

[4] The relevant factual background of this dispute from ECF No. 23 is incorporated by reference herein.

[5] S.D.N.Y. Case No. 1:25-cv-06339, ECF No. 1.

[6] *Compare* S.D.N.Y. Case No. 1:25-cv-06339, ECF No. 1, *with* ECF No. 1. StopLoss was represented by Susman Godfrey LLP in the S.D.N.Y. and in this Court.  IAG was represented by Torricella Law, PLLC in the S.D.N.Y.  Here, it is represented by Torricella Law, PLLC, Bradley Arant Boult Cummings LLP, and Boies Schiller Flexner LLP.

[7] S.D.N.Y. Case No. 1:25-cv-06339, ECF No. 19.

[8] S.D.N.Y. Case No. 1:25-cv-06339, ECF Nos. 25−27.

[9] S.D.N.Y. Case No. 1:25-cv-06339, ECF No. 76.

[10] S.D.N.Y. Case No. 1:25-cv-06339, ECF No. 75.

[11] ECF No. 1.

[12] ECF No. 7.

StopLoss timely filed a response on April 28, 2026.[13]  On May 2, 2026, the Court set IAG's motion to dismiss for hearing on June 11, 2026.  On May 4, 2026, IAG filed a proof of claim in the Debtors' bankruptcy asserting a claim based on different contracts that arise out the same master contract that is at issue in this adversary proceeding.[14]  On June 8, 2026, IAG filed (i) a reply brief in support of its motion to dismiss,[15] and (ii) a document entitled "Defendant's Notice of Non-Waiver of Right to Compel Arbitration."[16]  In this document, IAG notified the Court that "if the Court denies Defendants' motion to dismiss, Defendants do not waive their right to compel arbitration of the disputes raised in this matter."[17]  IAG's reply contained a similar statement in a footnote.[18]

On June 9, 2026, StopLoss moved to strike IAG's reply as being untimely filed and also moved to Court strike IAG's notice of non-waiver.[19]  In its motion, StopLoss first raised the argument that IAG had waived its right to arbitrate by seeking dismissal with prejudice.[20]  IAG did not move to compel arbitration then; instead, it proceeded to prosecute its motion to dismiss.[21]

On June 11, 2026, the Court heard argument on IAG's motion to dismiss.[22]  And on June 15, 2026, the Court issued an order denying IAG's motion to dismiss.[23]

On June 23, 2026, IAG filed a motion to compel arbitration.[24]  The next day, IAG filed an emergency motion to stay discovery and extend

---

[13] ECF No. 8.

[14] *See Claim No. 30*, KROLL: STOPLOSS LLC, CASE NO. 26-90386, https://cases.ra.kroll.com/StopLoss/Home-ClaimInfo (last visited July 31, 2026).

[15] ECF No. 13.

[16] ECF No. 14.

[17] ECF No. 14.

[18] ECF No. 13, at 6 n.3.

[19] ECF No. 16.

[20] ECF No. 16.

[21] ECF No. 20.

[22] ECF No. 20.

[23] ECF No. 23.

[24] ECF No. 25.

its deadline to file an answer to StopLoss's complaint.[25]  The Court held an emergency hearing two days later,[26] and issued an order denying IAG's motion to stay discovery and extend the answer deadline on June 30, 2026.[27]  On July 14, 2026, IAG appealed the Court's order denying the motion to stay to the District Court.[28]  Also, on July 14, 2026, StopLoss filed its response to IAG's motion to compel arbitration.[29]

On July 16, 2026, IAG filed (i) an emergency motion to stay discovery pending appeal of the order denying its previous request to stay discovery;[30] and (ii) an emergency motion to extend the time to reply to StopLoss's response in opposition to its motion to compel arbitration.[31]  The Court granted IAG an extension to file its reply and set IAG's motion to stay for hearing concurrently with its motion to compel arbitration.[32]  On July 28, 2026, IAG filed its reply.[33]  The Court heard argument on IAG's motion to compel and motion to stay on July 31, 2026, and took the matter under advisement.

## JURISDICTION & VENUE

28 U.S.C. § 1334(a) provides the District Courts with jurisdiction over this proceeding.  Under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012).  This is a non-core proceeding that is related to a case under title 11.  28 U.S.C. § 157(c).  The parties' express and implied consent provides this Court constitutional authority to enter a final

---

[25] ECF No. 26.
[26] ECF No. 30.
[27] ECF No. 33.
[28] ECF No. 40.
[29] ECF No. 42.
[30] ECF No. 45.
[31] ECF No. 46.
[32] ECF No. 50.
[33] ECF No. 61.

judgment.[34] *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 678–83 (2015); *Kingdom Fresh Produce, Inc. v. Stokes Law Off., L.L.P. (In re Delta Produce, L.P.)*, 845 F.3d 609, 617 (5th Cir. 2016).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## LEGAL STANDARD

Arbitration provisions, like other contractual provisions, may be waived.  *Garcia v. Fuentes Rest. Mgmt. Servs. Inc.*, 141 F.4th 671, 675−76 (5th Cir. 2025) (citing *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022)).  There is no presumption against waiver of the right to arbitrate. *Id.* at 677. The Supreme Court defines "waiver" as "the intentional relinquishment or abandonment of a known right." *Morgan*, 596 U.S. at 417 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).  To determine whether a party has waived the right to arbitrate, the Court asks, "whether the party "knowingly relinquished the right to arbitrate by acting inconsistently with that right." *Id.* at 419 (citation modified). In the Fifth Circuit, a party substantially invoking the judicial process is one way of demonstrating that it waived its right to arbitrate. *Garcia*, 141 F.4th at 676.  However, "bright-line" rules are inappropriate for deciding whether a party has waived its right to arbitration. *Id.* (citing *In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir. 2010).  The waiver inquiry is inherently fact specific. *Id.*

## DISCUSSION

IAG argues that this adversary proceeding is required to be submitted to an arbitrator pursuant to the parties' agreements.[35] While IAG disputes that any contract was formed, they argue that this adversary proceeding is a dispute "arising out of, relating to, in

---

[34] *See* S.D.N.Y. Case No. 1:25-cv-06339, ECF No. 75. In the proceedings in the Southern District of New York, Specialists and IAG sent a joint letter to the presiding judge stating that they "consent to the entry of final orders or judgment by the United States Bankruptcy Court for the Southern District of Texas, including as to whether this dispute is subject to a binding arbitration agreement." *Id.*

[35] ECF No. 25.

connection with or in respect of [the Factoring Agreement]" that is contractually required to be submitted to arbitration under the rules of the American Arbitration Association.[36]

StopLoss argues that IAG has waived any right it had to compel arbitration in this dispute.[37]  In its view, by filing a motion to dismiss this adversary proceeding with prejudice and proceeding on that motion, IAG substantially invoked the judicial process and waived its right to compel arbitration.[38]  The Court agrees with StopLoss.

In the Fifth Circuit, "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process." *Miller Brewing Co. v. Ft. Worth Distrib. Co.,* 781 F.2d 494, 497 (5th Cir. 1986). A substantial invocation of the judicial process is found where a party engages "in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Petrol. Pipe Ams. Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009). And the Fifth Circuit has found that seeking a decision on the merits before attempting to arbitrate results in waiver. *Id.* at 480−81 (citing *Miller*, 781 F.2d at 498).

Until the Supreme Court's decision in *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), the Fifth Circuit required (1) a substantial invocation of the judicial process that resulted in (2) prejudice to the other party. *Garcia*, 141 F.4th at 675 (citing *Miller*, 781 F.2d at 497). In *Morgan*, the Court held that the Federal Arbitration Act's policy favoring arbitration "does not authorize federal courts to invent special, arbitration-preferring procedural rules." 596 U.S. at 418.  Rather, that policy merely "place[s] such agreements upon the same footing as other contracts." *Id.*  Following *Morgan*, the Fifth Circuit excised the prejudice prong of the arbitration waiver test.  *Garcia*, 141 F.4th at 676.  Now, arbitration may be waived in many ways, but a party may still waive

---

[36] ECF No. 25.  The Court defined the "First Party Claims Non-Recourse Sale and Assignment Agreement" as the "Factoring Agreement" in ECF No. 23.

[37] *See* ECF No. 42.

[38] *See* ECF No. 42.

their right to arbitrate by substantially invoking the judicial process. *Id.*

As a preliminary matter, IAG's purported reservation of its right to compel arbitration did not prevent it from waiving its right to compel arbitration.[39]   When IAG filed its "Notice of Non-Waiver of Right to Compel Arbitration," its motion to dismiss had been pending for two months, and IAG contemporaneously reaffirmed its request for dismissal with prejudice in a separate reply filed three minutes before its reservation of rights.[40]   Even after StopLoss raised the issue of waiver in its motion to strike,[41] IAG proceeded to prosecute its motion to dismiss.  It did not withdraw its motion or move to compel arbitration like it did in the S.D.N.Y. litigation.[42]   And IAG only moved to compel arbitration after the Court denied its motion to dismiss.[43]   Indeed, at the hearing on IAG's motion to dismiss, counsel for IAG continued to seek dismissal with prejudice, but noted that it reserved its rights to compel arbitration and would pursue that path if the Court denied its motion to dismiss.[44]

IAG continuing to pursue adjudicative dismissal of this case with prejudice after taking the position that this dispute was arbitrable was inconsistent with its right to seek arbitral resolution.  *See Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 189 (5th Cir. 2007) (waiver may be found where a party engages in intentional conduct inconsistent with claiming a known right).  IAG cannot request adjudication by this Court only to the extent that the Court provides it with favorable rulings while maintaining its right to arbitrate.  *See Jindal*, 575 F.3d at 482 (litigants, after learning that the court is not receptive to their arguments, should not be allowed a second bite at the apple through arbitration).

---

[39] ECF No. 14.

[40] ECF No. 13.

[41] ECF No. 16.

[42] S.D.N.Y. Case No. 1:25-cv-06339, ECF Nos. 25−27.

[43] *Compare* ECF No. 23, *with* ECF No. 25.

[44] ECF No. 42-24, at 15:6−7 ("So we do reserve the right to seek to compel arbitration if that becomes necessary.").

Considering the totality of the circumstances, IAG filing and prosecuting its motion to dismiss with prejudice was a substantial invocation of the judicial process that resulted in IAG waiving its right to arbitrate this dispute. IAG's motion to dismiss did not seek dismissal because of a "technical pleading deficiency—it asked the court to look at [one of] the key question[s] the case presents." *Forby v. One Techs., L.P.*, 909 F.3d 780, 785. It asked the Court to find that certain conditions precedent were both applicable and unsatisfied, and that accordingly no contract between StopLoss and IAG was formed.[45]

IAG's motion sought a decision on the merits and evinced a desire to resolve this dispute through litigation. *Jindal*, 575 F.3d at 480; *Miller*, 781 F.2d at 498. Although IAG did not prevail on its motion, in these circumstances, seeking dismissal with prejudice was a substantial invocation of the judicial process. Not only does dismissal with prejudice end the plaintiff's lawsuit, *Mahone v. Addicks Util. Dist. of Harris Cnty.*, 836 F.2d 921, 940 (5th Cir. 1988), it bars the plaintiff from bringing another lawsuit based on the same cause or causes of action. *Portillo v. Cunningham*, 872 F.3d 728, 736 (5th Cir. 2017) ("A dismissal with prejudice is an adjudication on the merits.").

"This case is easily distinguished from the scenario where a party demonstrates its preference to arbitrate by submitting a dispositive motion only as an alternative to a motion to compel arbitration." *Mirant*, 613 F.3d at 589–90. IAG moved to dismiss with prejudice while being fully aware of its right to arbitrate. IAG's motion to dismiss contained "no mention of compelling arbitration." *Forby*, 909 F.3d at 784. It was only three days before the hearing on IAG's motion that it made its first mention of arbitration.[46] IAG expressly acknowledged that right but continued to pursue dismissal with prejudice on the grounds that there was no contract. It did not then pursue arbitration in the alternative or withdraw its motion. And IAG waited for the Court's ruling on its motion to dismiss—and thus got a sense of the

---

[45] ECF No. 7.

[46] *See* ECF No. 7 (not mentioning arbitration in any manner).

Court's views of the case—before moving to compel arbitration. *Forby*, 909 F.3d at 784. IAG acted inconsistently with any right it had to arbitrate and waived that right.

IAG's arguments to the contrary are unavailing. Its motion cites a single case, *Trevino v. Select Servicing, Inc. (In re Trevino)*, 599 B.R. 526 (Bankr. S.D. Tex. 2019). *Trevino* was decided on a motion to reconsider before the "sea change in the law governing arbitration waiver following *Morgan v. Sundance*," *Garcia*, 141 F.4th at 675, and is inapplicable. In *Trevino*, Judge Rodriguez relied on pre-*Morgan* authorities which placed a "heavy burden" on the party claiming waiver, recognized a "strong presumption against finding a waiver of arbitration," and resolved any doubts in favor of arbitration. *Trevino*, 599 B.R. at 536 (citing *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 484 (5th Cir. 2002)).[47] And much of his ruling was focused on prejudice. *Id.* at 538−40. These authorities have been overruled by the Supreme Court. *See Morgan*, 596 U.S. at 414. There is no presumption against waiver and the party asserting waiver bears the burden of proving waiver by a preponderance of the evidence. *Garcia*, 141 F.4th at 677 & n.6.

The authorities in IAG's reply do not change this result.[48] IAG argues that *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656 (5th Cir. 1995), stands for the proposition that filing a potentially merits-dispositive motion does not necessarily constitute waiver.[49] The Court does not hold that it does or espouse any "bright-line" rule here. *Garcia*, 141 F.4th at 677. The Court's conclusion is that under the facts of this case, IAG's filing and continued prosecution of its motion to dismiss with prejudice—while not moving to arbitrate despite being aware of its right

---

[47] *See also Trevino v. Select Servicing, Inc. (In re Trevino)*, No. 10-70594, Adv. No. 16-7024, 2018 WL 5994753, at *7 (Bankr. S.D. Tex. Nov. 14, 2018) (memorandum opinion on motion to compel arbitration) ("It is important for this Court to reiterate that Plaintiffs bear a heavy burden to establish that Defendants waived their right to arbitration, and there is a strong presumption against finding a waiver of arbitration.").

[48] ECF No. 61, at 18−23.

[49] ECF No. 61, at 20.

to do so—constituted a substantial invocation of the judicial process and resulted in waiver.   And the facts in *Williams* are nevertheless distinguishable.   *Williams*, like *Trevino*, relied on pre-*Morgan* authorities that disfavored waiver of arbitration and applied a presumption against it.  *Id.* at 661.  And the party moving to compel arbitration in *Williams* after its motion to dismiss was denied moved to stay pending arbitration "as soon as it discovered that the dispute was subject to arbitration." [50]  *Id.*  This was not the case here.  IAG did not discover that it had a right to arbitrate during the course of these proceedings.   It was aware of the arbitration provision as early as October 2025.[51]

IAG's reliance on *Pacheco v. PCM Construction Services, L.L.C.*, 602 F. App'x 945 (5th Cir. 2015), is similarly misplaced.  There, in an unpublished opinion, the Fifth Circuit found no waiver where PCM moved to compel arbitration after filing a motion to dismiss but before the magistrate judge issued its recommendation on PCM's motion to dismiss.  *Id.* at 949.  *Pacheco* similarly applied a "strong presumption against finding a waiver of arbitration," *id.*, which is no longer the law. *Garcia*, 141 F.4th at 677.  The Fifth Circuit noted that PCM moving to compel arbitration before a decision on its motion to dismiss was issued avoided the concern that a litigant may delay moving to compel arbitration until they could ascertain how the case was going in federal court.  *Id.* (citing *Mirant*, 613 F.3d at 591).  Here, IAG's conduct raises exactly those concerns.  As noted, IAG raised its right to arbitrate while contemporaneously reaffirming its request for dismissal[52] and did not move to exercise its right to arbitrate until after the Court denied its motion to dismiss.[53]

---

[50] *See also Williams*, 56 F.3d at 661 n.3 (noting that Cigna moved to stay pending arbitration shortly after it actually discovered that the dispute was arbitrable).

[51] *See* S.D.N.Y. Case No. 1:25-cv-06339, ECF No. 27 (IAG's October 10, 2025 motion to compel arbitration filed in the S.D.N.Y.).

[52] *See* ECF Nos. 13−14.

[53] ECF No. 25.

In light of IAG's waiver, the Court need not address the parties' other arguments regarding arbitration.[54] IAG's motion to stay discovery pending appeal of the denial of its prior motion to stay discovery pending resolution of its motion to compel arbitration[55] is moot.

## CONCLUSION

For the reasons explained above, IAG's motion to compel arbitration is DENIED, and IAG's motion to stay discovery pending appeal is DENIED.

Signed: August 03, 2026

Alfredo R Pérez
United States Bankruptcy Judge

---

[54] StopLoss raises multiple other arguments in opposition to IAG's motion to compel, including the applicability of the arbitration provision to this dispute, IAG's positions regarding contract formation and arbitrability, whether the arbitration clause is illusory, whether StopLoss's tortious interference claim is subject to arbitration, and whether IAG's filing of a proof of claim based on the Factoring Agreement converts this adversary proceeding into a core matter. ECF No. 42.  The Court does not reach these arguments.

[55] ECF No. 45.